UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| versus | * | NO. 07-337 |
| AZIZI ANSARI | * | SECTION "L" |

### ORDER & REASONS

Pending before the Court is Petitioner Azizi Ansari's Motion for Compassionate Release, R. Doc. 150. The government opposes the motion. R. Doc. 153.

### I.   BACKGROUND

On November 7, 2007, Defendant Azizi Ansari pleaded guilty to a one-count Bill of Information charging him with conspiring to distribute and possess with the intent to distribute quantities of ecstasy in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and 846. R. Doc. 27. On February 25, 2010, Mr. Ansari was sentenced to 240 months in the custody of the Bureau of Prisons to be followed by a three-year term of supervised release. R. Doc. 93. A $100 special assessment fee was also imposed. R. Doc. 93 at 5.

### II.   PENDING MOTION

Mr. Ansari has been an active *pro se* petitioner in this Court since his sentencing, having filed at least five motions seeking the reduction of his sentence, R. Docs. 103, 119, 124, 126, 135, and appealing the denial of certain motions to the United States Court of Appeals for the Fifth Circuit, R. Doc. 106, 128. In Mr. Ansari's most recent motion, he seeks immediate release from prison in light of the ongoing global outbreak of COVID-19. Mr. Ansari represents that since his incarceration, he has contracted a fungal disease known to cause valley fever, which he characterizes as "a dangerous disease that has weakened his immune system." R. Doc. 150 at 2. Since contracting the disease, Mr. Ansari has allegedly suffered skin rashes, fatigue, joint aches,

chest pain, difficulty breathing, and cold sweats, which have led to his designation as a "chronic care patient." R. Doc. 150 at 2. Mr. Ansari explains that although he was in the process of being transferred to a federal facility in Oakdale, Louisiana, he is now being held at the Metropolitan Detention Center in Brooklyn, New York, "which has been [declared] the [epicenter] for the Covid-19 disease that attacks people with weakened immune systems." R. Doc. 150 at 3. Mr. Ansari stresses that he has already completed over 60% of his term of imprisonment and has participated in numerous programs while incarcerated, and accordingly seeks a reduction of his sentence to time served. R. Doc. 150 at 6.

The government opposes the motion, arguing that Mr. Ansari has not exhausted his administrative remedies as required. R. Doc. 153 at 7.

### III. LAW & DISCUSSION

Title 18, United States Code § 3582(c), governing compassionate release, provides:

> The court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c). It appears as though Mr. Ansari has not requested that the warden of his facility bring a motion for compassionate release on his behalf, as his complaint is devoid of such allegations and Mr. Ansari bears the burden of proof with regards to his eligibility. Unfortunately, his failure to do so is fatal, as this Court agrees with the majority of courts in concluding that the exhaustion of administrative remedies is a mandatory prerequisite to seeking compassionate release, even in light of the ongoing outbreak of COVID-19. *See, e.g.*, *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (characterizing failure to exhaust administrative remedies as "a glaring roadblock foreclosing compassionate release at this point"); *United States v. Nevers*, No.

CR 16-088, 2020 WL 1974254, at *2 (E.D. La. Apr. 24, 2020) ("[T]he Court cannot consider Petitioner's request for instant release or home confinement until she has complied with the exhaustion requirements of § 3582(c)(1)(A) . . . ."); *United States v. Zywotko*, No. 219CR113FTM60NPM, 2020 WL 1492900, at *1 (M.D. Fla. Mar. 27, 2020) ("[S]ince Defendant has failed to exhaust his administrative remedies, the Court does not possess authority to grant relief under § 3582(c)(1)(A)(i)."); *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("Because defendant has not satisfied the exhaustion requirement, the court lacks authority to grant relief under § 3582(c)(1)(A)(i)."); *United States v. Gileno*, No. 3:19-CR-161-(VAB)-1, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020) ("As a threshold matter, Mr. Gileno has not satisfied the requirement under 18 U.S.C. § 3582(c)(1)(A) to first request that the Bureau of Prisons file a motion on his behalf and then show that thirty days have passed without any BOP action. As a result, the Court cannot consider his motion to modify his sentence.").

While some courts have recognized that futility may excuse the failure to exhaust administrative remedies, especially in light of "unique circumstances and the exigency of a rapidly advancing pandemic," *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020), other have remained faithful to the statutory text and rejected similar arguments, *see, e.g.*, *Eberhart*, 2020 WL 1450745, at *2. Even if courts can waive the exhaustion requirement when pursuing administrative remedies would be futile, Mr. Ansari has not even alleged, let alone demonstrated, that taking such steps would be futile in his case. The Court recognizes the dire situation within federal correctional institutions in this unprecedented situation but notes that the BOP has implemented a number of COVID-19-related protocols aimed at protecting inmates and staff. R Doc. 424 at 14. The Attorney General has instructed the BOP to

prioritize home confinement[1] and has specifically expanded opportunities for home release in light of the virus.[2] Furthermore, allowing the BOP to evaluate the merits of Mr. Ansari's request for compassionate release before directing the motion to the Court is an efficient use of judicial resources, as the BOP is in the best position to understand both the specific threat posed to Mr. Ansari's health by the virus' spread within the facility and the potential consequences of his early release. Although the Court recognizes the urgency of Mr. Ansari's request, it lacks the authority to defy the statutory mandate set forth in the First Step Act.

### IV. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Mr. Ansari's Motion for Compassionate Release, R. Doc. 150, is **DENIED** without prejudice to his right to refile the motion once the applicable administrative remedies have been exhausted.

New Orleans, Louisiana this 18th day of May, 2020.

Eldon E. Fallon
United States District Court

---

[1] Attorney General, *Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic* (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf.
[2] Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* (Apr. 3, 2020), https://www.justice.gov/file/1266661/download.