# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL ACTION** |
| **VERSUS** | * | **NO. 07-337** |
| **AZIZI ANSARI** | * | **SECTION L** |

## ORDER & REASONS

Before the Court are two motions by Defendant Azizi Ansari. R. Doc. 180. While Mr. Ansari titles his first motion as one that seeks "credit under the First Step Act," it is actually a motion for early termination of supervised release. The Government opposes the motion. R. Doc. 183. Second, Mr. Ansari moves the Court for default judgment. R. Doc. 185. Having considered the briefing and the applicable law, the Court rules as follows.

## I.    BACKGROUND

On November 7, 2007, Defendant Azizi Ansari pleaded guilty to a one-count Bill of Information charging him with conspiring to distribute and possess with the intent to distribute quantities of ecstasy in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and 846. R. Doc. 27. On February 25, 2010, Mr. Ansari was sentenced to 240 months in the custody of the Bureau of Prisons to be followed by a three-year term of supervised release. R. Doc. 93. A $100 special assessment fee was also imposed. R. Doc 93 at 5.

Mr. Ansari did not file a notice of appeal of his conviction or his sentence. Mr. Ansari has filed numerous motions pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2), all of which were denied. *See* R. Docs. 103, 106, 119, 124, 126, 128, 135, 154, 167. Mr. Ansari was released onto Supervised Release on September 8, 2023. R. Doc. 183-1. Presently, Mr. Ansari requests that his supervised release be terminated or reduced. R. Doc. 180.

## II.       PRESENT MOTION

In his first motion, Mr. Ansari argues that under the First Step Act, he became eligible to receive earned time credit for participation in programs while incarcerated. *Id.* at 1. He argues that while some of his credits were granted by the overseeing Bureau of Prisons office, not all of the credits were granted because he was subsequently placed in a residential halfway house. *Id.* At that placement, Mr. Ansari argues that he continued to participate in programs where he could receive earned time credit. *Id.* For example, he has kept steady employment and became licensed as a commercial driver. *Id.* Accordingly, he requests that this Court apply those earned time credits to his term of supervised release such that it be terminated or reduced. *Id.* at 2.

In his motion for default judgment, Mr. Ansari seeks a default judgment asking for the same relief—that all his earned time credit be applied to term of supervised release

## III.      LAW AND ANALYSIS

A district court can terminate supervised release at any time after one year if, after considering the § 3553(a) sentencing factors, "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). District courts enjoy broad discretion in determining whether to terminate supervised release, but they have "generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination[.]" *United States v. Smith*, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014). Rather, "early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *Id.*

In the instant case, Mr. Ansari requests early termination because not all of his earned time credits were applied to reduce his sentence. Thus, he requests that this Court apply such credits to his term of supervised release. The Court is unable to do so as such credits do not apply to shorten

a term of supervised release. 28 C.F.R. § 523.44. Further, Mr. Ansari has yet to serve one year of his three-year term of supervised release. Thus, he is ineligible for relief under 18 U.S.C. § 3583. Accordingly, the Court will deny the motion, but commends Mr. Ansari for complying with the terms of his supervised release, his success in the workplace, and encourages him to continue on this positive path. The Court further advises Mr. Ansari to re-urge this motion again when he has completed more of his term and considered the 18 U.S.C. §3553(a) factors.

For the foregoing reasons, Mr. Ansari's Motion for Early Termination of Supervised Release, R. Doc. 180, is **DENIED** without prejudice. Further, Mr. Ansari's Motion for Default Judgment, R. Doc. 185, is **DENIED**.

New Orleans, Louisiana this 10th day of May, 2024.

_____

United States District Judge