UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL ACTION |
| VERSUS | * | NO. 07-337 |
| AZIZI ANSARI | * | SECTION L |

### ORDER & REASONS

Before the Court is Defendant Azizi Ansari's Motion for Early Termination of Supervised Release. R. Doc. 187. The Government opposes the motion. R. Doc. 190. Ansari replied. R. Doc. 192. Having considered the briefing and the applicable law, the Court now rules as follows.

**I.  BACKGROUND**

On November 7, 2007, Defendant Azizi Ansari pled guilty to a one-count Bill of Information charging him with conspiracy to distribute and possess with the intent to distribute quantities of ecstasy in violation of 21 U.S.C. § 846. R. Doc. 27. On February 25, 2010, Ansari was sentenced to 240 months in the custody of the Bureau of Prisons to be followed by a three-year term of supervised release. R. Doc. 93. A $100 special assessment fee was also imposed. *Id.* at 5.

Ansari did not appeal his conviction or his sentence. He has filed numerous motions pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2), all of which were denied. R. Docs. 103, 106, 119, 124, 126, 128, 135, 154, 167. On September 8, 2023, Ansari was released after serving his sentence and has begun his three-year term on supervised release. R. Doc. 183-1. On March 11, 2024, Ansari filed a motion requesting early termination of his supervised release, which the Court ultimately denied. R. Doc. 186. The Court, however, encouraged Ansari to re-urge his motion again when he had completed more of his term. *Id.*

## II.  PRESENT MOTION

Presently, Ansari re-raises his request that his supervised release be terminated early. R. Doc. 187. Ansari argues that termination is warranted because he has successfully complied with all terms and conditions of supervision for a full year. *Id.* at 2. More specifically, he notes that he has: (1) never failed a random urine analysis test, (2) maintained gainful employment since the day of his release from the halfway house, (3) maintained a consistent residence at the same location all on his own, and (4) been available to probation at all times, including office and home visits with his assigned probation officer. *Id.*

The Government opposes early termination of Ansari's supervised release on four grounds. R. Doc. 190. First, the Government argues mere compliance with the terms of supervised release is not sufficient to warrant termination, and that Ansari must also show exceptionally good behavior to be granted such relief. *Id.* at 2. Second, the Government suggests caution in early termination of Ansari supervision based on his extensive criminal history and previous failures to complete federal supervision. *Id.* at 3. Third, the Government notes that Ansari has so far not faced any particular hardship during supervised release and has been able to continue working without unnecessary interference. *Id.* at 3-4. Fourth, the Government contends that the factors listed in § 3553(a) weigh against early termination of Ansari's release, and that completion of his term is appropriate to reflect the seriousness of his crime and to deter future criminal conduct. *Id.* at 4.

In reply, Ansari reiterates his compliance with the terms of his supervision and notes the Probation Office's finding that he is in good standing. He further argues that he has in fact faced hardships associated with his supervision due to the travel restrictions that prevent him from visiting his family who live out of state and from utilizing his Class A Commercial Driver's License outside of the district. Thus, Ansari asserts that early termination will allow him to

continue to be a role model for his grandchildren and to make a proper living by taking more jobs as a commercial truck driver.

### III.    LAW AND ANALYSIS

A district court can terminate supervised release at any time after one year if, after considering the § 3553(a) sentencing factors, "it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). Among the § 3553(a) factors that courts must weigh are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to deter criminal conduct, the need to protect the public, the need to provide the defendant with educational or vocational training, the need to provide restitution to any victims of the offense, and the kinds of sentences and sentencing ranges available. *See* 18 U.S.C. § 3553(a). District courts enjoy broad discretion in determining whether to terminate supervised release. *United States v. Smith*, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014).

After considering the factors set forth in 18 U.S.C. § 3553(a), the Court finds that early termination of Ansari's supervised release is appropriate under the circumstances. The Court notes that he has faithfully complied with all terms of his supervision for over a year, and neither probation nor the Government refute his good conduct. Moreover, this outcome will allow Ansari to potentially earn a higher income by removing the travel restrictions that are currently affecting his commercial driver's license. *See United States v. Landry*, 1999 WL 605476 at *1 (E.D. La. Aug. 11, 1999) (holding that termination of supervision was warranted because earning a higher income from legitimate, noncriminal activity serves the goals of rehabilitation and protecting the community). While the Court acknowledges that Ansari has been previously revoked on a few occasions, his past noncompliance occurred nearly twenty years ago and thus weighs only slightly

in favor of continuing supervision. Furthermore, this concern is offset by the fact that Ansari has since served over fifteen years in the custody of the Bureau of Prisons and has seemingly turned his life around to become a role model for his family. Accordingly, the Court encourages Ansari to continue on this positive path toward success and will order early termination of his supervised release to occur immediately.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Azizi Ansari's Motion for Early Termination of Supervised Release, R. Doc. 187, is **GRANTED**.

**IT IS FURTHER ORDERED** that Ansari's supervised release shall terminate immediately.

New Orleans, Louisiana this 4th day of December, 2024.

*Eldon E. Fallon*

Cc: Mr. Azizi Ansari
237 Abundance St.
New Orleans, LA 70122